**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Thoughtworx Inc., doing business as MCM Services Group, Inc.; Hunt Adkins Inc.; and Fish Furniture, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:26-mc-4 |
| vs. | ) ) | **ORDER** |
| Sinclair Broadcast Group, Inc.; Nexstar Media Group, Inc.; and Gray Television, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

On May 1, 2026, nonparty Randy Juen moved to quash a deposition subpoena issued to him in relation to a matter in the United States District Court for the Northern District of Illinois. He also requested a protective order and sanctions against the defendants who issued the subpoena. (Doc. 1).

Review of the docket in the Northern District of Illinois case reveals that a subpoena was issued for Juen to appear in Fargo, North Dakota, for a non-party deposition regarding In re: Local TV Advertising Antitrust Litigation, No. 1:18-cv-06785 (N.D Ill. Oct. 9, 2018). Juen moved to quash the subpoena, (Doc. 1395), after he appeared for the deposition. The Northern District of Illinois court found that motion moot because the deposition had already been taken and noted that the District of North Dakota was the proper forum for the motion to have been filed, as that is where compliance with the subpoena would have been required under Federal Rule of Civil Procedure 45(d)(3)(A). On May 1, 2026, Juen moved to withdraw his motion to quash, which was granted in the Northern District of Illinois on May 6, 2026. (Doc. 1417; Doc. 1421).

Federal Rule of Civil Procedure 45 governs subpoenas, including those to take nonparty depositions. Under Rule 45(d)(3)(A), a nonparty may file a "timely" motion to quash or modify a subpoena. "While 'timely' is not defined in Rule 45(d)(3)(A), nor discussed in the advisory committee notes to that Rule, '[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.'" Cattle & Beef Antitrust Litig. v. JBS S.A., No. 8:22CV204, 2022 WL 17718553, at *6 (D. Neb. Dec. 15, 2022) (citation omitted). Juen has now filed a motion to quash in the proper district court. However, as the Northern District of Illinois found, the deposition has already been taken and his motion is not timely. Therefore, Juen's motion to quash, (Doc. 1), is **DENIED** as **MOOT**.

But, in this court's opinion, Juen's requests for a protective order and for sanctions against the defendants who issued the subpoena would properly be addressed in the North District of Illinois, which has greater familiarity with the case. To the extent Juen requests a protective order and sanctions, his motion is **DENIED** as not properly filed in this district.

**IT IS SO ORDERED**.

Dated this 15th day of May, 2026.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

2